PER CURIAM.
WRIT GRANTED; TRIAL COURT ORDER REINSTATED.
We find that the trial court did not abuse its discretion in ordering the sequestration of an assistant district attorney from a hearing on a motion to recuse the district attorney and the assistant district attorney, when they had been subpoenaed to appear as witnesses at the hearing.
The sequestration of witnesses is controlled by C.E. art. 615, which reads in pertinent part:
A. As a matter of right. On its own motion the court may, and on request of a party the court shall, order that the witnesses be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case. In the interests of justice, the court may exempt any witness from its order of exclusion.
* * *
C.E. art. 615.
When a party requests that the court invoke the rule, the language of the statute makes it clear that the sequestration of witnesses is mandatory, unless a witness falls within one of the statute’s four specific exceptions, or if the witness should be allowed to remain “in the interests of justice.”* The trial judge found that none of the four exceptions applied in this matter, and that the interests of justice did not require the assistant district attorney’s presence.
The State argues that the assistant district attorney is “[a] person whose presence is shown by a party to be essential to the presentation of his cause, such as an expert,” the third exception to the rule. The purpose of the sequestration article is to prevent witnesses from being influenced by the testimony of earlier witnesses. State v. Stewart, 387 So.2d 1103 (La.1980). Witnesses such as experts are exempted from the rule because they are expected to give their professional opinion of the testimony of other witnesses and of the evidence in a case. Here, the reason for the assistant district attorney’s sequestration is to prevent his testimony from being influenced by the testimony of the district attorney, precisely the danger the rule is designed to avoid.
*1086 Neither did the trial judge abuse his discretion in determining that the interests of justice did not require the assistant district attorney’s presence during the questioning of other witnesses at the hearing of the motion to recuse. Despite the State’s arguments to the contrary, the district attorney’s office has other attorneys available who are fully capable of handling a motion hearing.
JOHNSON and WEIMER, JJ., would deny the writ for the reasons assigned by the Court of Appeal.

 Further, Rule 3.7(a) of the Rules of Professional Conduct states that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) The testimony relates to an uncontested issue; (2) The testimony relates to the nature and value of legal services rendered in the case; or (3) Disqualification of the lawyer would work substantial hardship on the client."